IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WINDOWIZARDS, INC., HARVEY GOODMAN, Partner, and MOORE STREET ASSOCIATES | : : : | CIVIL ACTION NO. 13-7444 |
| v. | : : : | |
| CHARTER OAK FIRE INSURANCE COMPANY, Member of Travelers Group of Insurance Companies | : : : | |

## MEMORANDUM

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                                           MARCH 26, 2015

Presently before the court are the parties' March 2 and 3, 2015 letter briefs regarding a discovery dispute (Doc. Nos. 37 & 38). The plaintiffs are seeking certain documents concerning Charter Oak Fire Insurance Company's ("Charter Oak") engineering expert, Harald Greve, P.E., which Charter Oak contends are protected under Federal Rule of Civil Procedure 26(b)(4). For the reasons that follow, we will compel production of some of the documents in full, compel production of another document partially redacted, and protect the remaining documents from disclosure.

**I.    FACTUAL AND PROCEDURAL HISTORY**

This case involves a dispute over property insurance coverage between Charter Oak and the plaintiffs Harvey Goodman, Moore Street Associates, and Windowizards, Inc. ("the Plaintiffs"). The dispute arose from snow damage to the roof trusses in a building occupied by Windowizards and owned by Moore Street Associates. Charter Oak accepted coverage for the snow damage and paid a total of $366,104 for repairs. However, the Plaintiffs contend that

Charter Oak is liable for additional damage that was uncovered only after partial demolition and repair began.

The current discovery dispute, raised in a March 2, 2015 letter from Plaintiffs' counsel (Doc. No. 37), and responded to in a March 3, 2015 letter from defense counsel (Doc. No. 38), centers upon the Plaintiffs' requests for documents sent between Charter Oak's counsel and Mr. Greve during the litigation. Charter Oak regards the documents as privileged communications between its counsel and its expert, protected under Fed. R. Civ. P. 26(b)(4). We held teleconferences on the issue on March 3 and 20, 2015. Charter Oak has provided us with the privilege log and the documents at issue, which we have reviewed. The privilege log is attached to this memorandum as an exhibit and we will reference the documents by the numbers provided in that log.

## II. STANDARDS

Fed. R. Civ. P. 26(b)(4)(B) protects draft expert reports from disclosure "regardless of the form in which the draft is recorded." Rule 26(b)(4)(C) protects most communications between counsel and their expert witnesses. Specifically, Rule 26(b)(4)(C):

> protect[s] communications between the party's attorney and any [expert who must provide a report], regardless of the form of the communications, except to the extent that the communications:
>
> (i) relate to compensation for the expert's study or testimony;
>
> (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
>
> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

These subsections were designed to protect attorney work product, as "draft reports and attorney-expert communications" are "areas most vulnerable to the disclosure of opinion work product." Republic of Ecuador v. Mackay, 742 F.3d 860, 870 (9th Cir. 2014); see also Fed. R.

2

Civ. P. 26 advisory committee notes to 2010 amendments (providing that the provisions were added "to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery"). However, "Rules 26(b)(4)(B) and (C) do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions." Fed. R. Civ. P. 26 advisory committee notes to 2010 amendments. If materials are protected under Rule 26(b)(4), the opposing party may obtain access to them only if it establishes that "it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).[1]

### III. DISCUSSION

With those legal principles in mind, we reach the following conclusions:

**A.** Documents numbered 1, 2, and 3 on the privilege log are emails between defense counsel and Mr. Greve and a cover letter from defense counsel to Mr. Greve. In that these documents identify only "facts or data" provided by defense counsel for Mr. Greve's consideration, they are discoverable under Rule 26(b)(4)(C)(ii). Charter Oak must provide these documents to the Plaintiffs.

**B.** The documents numbered 4, 7, 9, 10, 11, 13, and 14 on the privilege log are emails or letters between defense counsel and Mr. Greve. After a review of the documents, we conclude that they are communications between counsel and their expert which do not merely: (1) relate to compensation; (2) identify facts or data provided by counsel for the expert's consideration; or (3) identify assumptions provided by counsel and relied upon by the expert. These documents are therefore protected under Rule 26(b)(4)(C).

---

[1] The Plaintiffs have not made this contention. Thus, it will not be discussed further.

3

C. The document numbered 12 on the privilege log is a letter from defense counsel to Mr. Greve. Paragraphs one and three of the letter reveal information that does not fall under any of the three exceptions for counsel-expert communications listed in Rule 26(b)(4)(C) and are therefore protected from discovery. However, the second paragraph of the letter, listing the documents counsel is enclosing for Mr. Greve's review and incorporation into his report, merely identifies "facts or data" that counsel is providing to Mr. Greve. As a result, Plaintiffs' counsel is entitled to a copy of the letter redacting its first and third paragraphs.

D. The documents numbered 5, 6, and 8 on the privilege log are Plaintiffs' expert reports that have notations on them by Mr. Greve. These handwritten notes appear to be for Mr. Greve's benefit. There is no indication that they are part of a dialog between defense counsel and him. Therefore, they are not protected under Rule 26(b)(4)(C) as "communications between the party's attorney and" the expert. Likewise, Mr. Greve's notes are not protected draft reports under Rule 26(b)(4)(B). See Wenk v. O'Reilly, No. 12-CV-474, 2014 WL 1121920, at *4 (S.D. Ohio Mar. 20, 2014) (providing that "[d]rafts are protected because . . . the drafting process ordinarily entails communications between the expert and counsel and usually involves feedback from counsel, a process which is likely to include revelation of attorney work product. Notes made independently by an expert do not fall into that category").

Finally, the notes are not generally protected under Federal Rule of Civil Procedure 26(b)(3)(A) as documents "prepared in anticipation of litigation or for trial by or for another party or its representative." The three Circuit Courts to consider the issue have all concluded that an expert retained for use at trial is not a "representative" under this provision and that exclusion of an expert's materials from discovery is governed solely by Rule 26(b)(4). Republic of Ecuador v. Mackay, 742 F.3d 860, 864-71 (9th Cir. 2014) (providing that "[t]here is no indication that the Committee intended to expand Rule 26(b)(3)'s protection for trial preparation

materials to encompass all materials furnished to or provided by testifying experts"); <u>Republic of Ecuador v. Hinchee</u>, 741 F.3d 1185, 1189-92 (11th Cir. 2013) (providing that "neither the text of Rule 26(b)(3)(A) nor its structure, history, and rationale support extending the work-product doctrine to all testifying expert materials"); <u>Republic of Ecuador v. For Issuance of a Subpoena Under 28 U.S.C. Sec. 1782(a)</u>, 735 F.3d 1179, 1183-87 (10th Cir. 2013) (providing that "the protections of Rules 26(b)(4)(B) and (C) are the exclusive protections afforded to expert trial-preparation materials"). We agree with the reasoning of these courts and therefore conclude that Charter Oak must produce documents 5, 6, and 8 to the Plaintiffs.

## IV. CONCLUSION

Charter Oak must furnish to the Plaintiffs documents 1, 2, 3, 5, 6, and 8 listed on the attached privilege log. Documents 4, 7, 9, 10, 11, 13, and 14 are privileged under Rule 26(b)(4)(C) and need not be turned over to the Plaintiffs. Finally, the first and third paragraphs of document 12 are privileged under Rule 26(b)(4)(C). However, paragraph two, listing enclosed documents, merely provides "facts or data" for Mr. Greve's consideration and is not privileged as per Rule 26(b)(4)(C)(ii). Therefore, Charter Oak shall provide to the Plaintiffs an appropriately redacted version of this letter.

An appropriate order follows.

# WINDOWIZARDS, ET AL V. CHARTER OAK INSURANCE COMPANY
# REVISED PRIVILEGE LOG FOR HARALD GREVE'S FILE MATERIALS
# REVISED MARCH 20, 2015

|  | DATE | DOCUMENT DESCRIPTION | PRIVILEGE |
|---|---|---|---|
| 1. | May 28, 2013 – 11:52 am; 11:58 am, 5:14 pm | Package of e-mails in H. Greve's file between M. McLaughlin and H. Greve regarding attorney work product impressions of case, retaining H. Greve as expert consultant and scheduling date of inspection (4 pages) | Not discoverable pursuant to Rule (26) |
| 2. | May 28, 2013 | Duplicate of 11:52 am e-mail from M. McLaughlin to H. Greve regarding attorney work product impressions of case, retaining H. Greve as expert consultant and scheduling date of inspection (1 page) | Not discoverable pursuant to Rule (26) |
| 3. | May 29, 2013 | Cover letter from M. McLaughlin to H. Greve regarding expert consultation and enclosing documents (documents previously produced with H. Greve's file) (1 page) | Not discoverable pursuant to Rule (26) |
| 4. | August 29, 2013 | E-mail from H. Greve to M. McLaughlin and D. Giordano discussing claim and requesting documents (3 pages) | Not discoverable pursuant to Rule (26) |
| 5. | October 8, 2013 (date on document) | H. Greve's handwritten notes and comments on D. Honig's 10/8/13 report (42 pages) | Not discoverable pursuant to Rule (26) |
| 6. | October 10, 2013 (date on document) | H. Greve's handwritten notes and comments on R. Harrington's 10/10/13 letter with enclosures (74 pages) | Not discoverable pursuant to Rule (26) |
| 7. | January 15, 2014 | E-mail from M. McLaughlin to H. Greve with attorney work product evaluation of Plaintiffs' settlement demand and enclosing Plaintiffs' settlement demand (1 page) | Not discoverable pursuant to Rule (26) |
| 8. | February 25, 2014 (date on | H. Greve's handwritten notes and comments on | Not discoverable |

EXHIBIT E

# WINDOWIZARDS, ET AL V. CHARTER OAK INSURANCE COMPANY
# REVISED PRIVILEGE LOG FOR HARALD GREVE'S FILE MATERIALS
# REVISED MARCH 20, 2015

|     | DATE | DOCUMENT DESCRIPTION | PRIVILEGE |
|-----|------|----------------------|-----------|
|     | document) | D. Honig's 2/25/14 report (7 pages) | pursuant to Rule (26) |
| 9.  | August 29, 2014 | E-mail from M. McLaughlin to H. Greve regarding attorney work product evaluation and analysis of claim, and enclosing documents (the documents were produced to Mr. Harrington)(1 page) | Not discoverable pursuant to Rule (26) |
| 10. | September 17, 2014 | Letter from H. Greve to T. Coleman, Esq. (Butler Pappas) regarding expert consultation (2 copies) (1 page each copy) | Not discoverable pursuant to Rule (26) |
| 11. | October 16, 2014, 4:56 pm and October 20, 2014, 7:31 pm | E-mails between H. Greve and M. McLaughlin, with H. Greve responding to attorney's work product inquiries concerning D. Honig reports (4 pages) | Not discoverable pursuant to Rule (26) |
| 12. | October 31, 2014 | Letter from M. McLaughlin to H. Greve concerning H. Greve's expert report and documents to review (the documents were produced to Mr. Harrington (2 pages) | Not discoverable pursuant to Rule (26) |
| 13. | November 25, 2014, 3:22 pm and 3:54 pm | E-mail from M. McLaughlin regarding attorney-work product inquiries, and email response from H. Greve with responses to the inquiries (2 pages) | Not discoverable pursuant to Rule (26) |
| 14. | December 29, 2014 8:51 am, 3:25 pm | E-mails between M. McLaughlin and H. Greve regarding deposition of D. Honig (3 pages) | Not discoverable pursuant to Rule (26) |